**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.J. and H.J.**

**No. 22-0232** (McDowell County 21-JA-11 and 21-JA-12)

**MEMORANDUM DECISION**

Petitioner Mother C.M., by counsel Floyd A. Anderson, appeals the Circuit Court of McDowell County's February 24, 2022, order terminating her parental rights to B.J. and H.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany N. Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem, William O. Huffman, filed a response on behalf of the children in support of the circuit court's order. Paternal Grandmother and intervenor J.D., by counsel R. Keith Flinchum, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2021, the DHHR filed a petition alleging that the parents subjected the children to educational neglect and deplorable living conditions. Thereafter, petitioner stipulated to neglecting the children as a result of the conditions in the home and was granted a post-adjudicatory improvement period. As part of this improvement period, petitioner was required to submit to drug screens. At a review hearing in December of 2021, the circuit court denied petitioner's motion to extend her improvement period, finding that she failed to substantially comply with the terms thereof, primarily because of her continued substance abuse.

In February of 2022, the circuit court held a dispositional hearing, during which the DHHR presented evidence that petitioner tested positive for controlled substances three times in the month

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

prior to the hearing, including on the morning of the hearing. Further, the evidence showed that petitioner lacked appropriate housing and was not compliant with services, including adult life skills. Two providers testified that they had difficulty consistently contacting petitioner. The adult life skills provider testified that petitioner was aware that obtaining suitable housing was crucial to her successful completion of the improvement period, yet the home was still in deplorable condition. Petitioner also testified and claimed that she did not know she was required to participate in adult life skills services.

Based on this evidence, the circuit court concluded that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her rights was necessary for the children's welfare. As such, the court terminated petitioner's parental, custodial, and guardianship rights.[2] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in denying her motion to extend her post-adjudicatory improvement period. According to petitioner, she substantially complied with the terms and conditions of her improvement period, but the record does not support this assertion. On the contrary, the record shows that petitioner continued to abuse controlled substances, despite being instructed that she was required to provide negative drug screens as part of her post-adjudicatory improvement period. As such, the court correctly found that petitioner did not substantially comply with the terms of her post-adjudicatory improvement period and did not err in denying her motion for an extension. *See* W. Va. Code § 49-4-610(6) (permitting an extension to an improvement period when it finds, among other things, that the parent "has substantially complied with the terms of the improvement period").

Petitioner next argues that it was error to terminate her parental rights when the DHHR failed to properly assist her or establish proper communication. This argument, however, ignores testimony from two different providers who attempted to contact petitioner multiple times to no avail. It also ignores the fact that "[w]hen any improvement period is granted to a [parent] . . . , the [parent] shall be responsible for the initiation and completion of all terms of the improvement period." W. Va. Code § 49-4-610(4)(A). As such, it is clear that it was petitioner's responsibility to complete the terms of her improvement period and remain in contact with the DHHR to that end.

Petitioner also argues that because the DHHR did not assist her, the circuit court lacked a basis to find that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect. Because we find no merit to her argument that the DHHR failed to assist her, we similarly find no merit to this argument. On the contrary, the circuit court made the requisite findings, based upon ample evidence, to support termination of petitioner's rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting a circuit court to terminate parental, custodial, and

---

[2]The permanency plan for the children is adoption together with a relative, while the concurrent plan is legal guardianship in their current placements.

guardianship rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare); *see also* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected"). Accordingly, the court did not err in failing to impose a less restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn